# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MONTANA

In re

**CHRISTOPHER COLLIN GOLZ**,

Debtor.

Case No. **14-61350-7**

## *CERTIFICATION ORDER*

At Butte in said District this 11th day of May, 2015.

The above-captioned Chapter 7 bankruptcy case involves a question of law arising through the interpretation of Montana exemption law under MONT. CODE ANN. ("MCA") § 25-13-608(1)(e),[1] as applied in bankruptcy through the opt-out statute of MCA § 31-2-106(1), Mont. Local Bankruptcy Rule (LBR) 4003-1 and F.R.B.P. 4003(a), and the Trustee's objection to Debtor's claim of exemption pursuant to F.R.B.P. 4003(b) and Mont. LBR 4003-3. Pursuant to MONT. R. APP. P. 15(3), the United States Bankruptcy Court for the District of Montana has determined that the answer to the question may be determinative of an issue in pending litigation of the certifying court and there is no controlling appellate decision, constitutional provision, or statute of this State.

Accordingly, the undersigned certifies pursuant to MONT. R. APP. P. 15(3) the following question of law to the Montana Supreme Court.

---

[1] MCA § 25-13-608(1)(e) provides that "[a] judgment debtor is entitled to exemption from execution of the following: . . . individual retirement accounts, as defined in 26 U.S.C. 408(a), to the extent of deductible contributions made before the suit resulting in judgment was filed and the earnings on those contributions[.]"

1

A. The question of law is: Whether, under Montana's liberal construction of exemptions, Debtor may claim an exemption in an Inherited IRA pursuant to MCA § 25-13-608(1)(e).

B. The facts relevant to the question, showing the nature of the controversy out of which the question arises, which were stipulated to by the parties and are not disputed, are as follows:

1. Debtor filed his Chapter 7 Bankruptcy Petition on December 1, 2014 and Joseph V. Womack was appointed Trustee of the case.

2. Debtor's Schedule B, item no. 12 lists Personal Property of the Debtor as "MorganStanley (sic) IRA. Acct. #319-116461-409" valued at $6,905.65 ("Traditional Inherited IRA").

3. Trustee requested and received information from the Debtor regarding the IRA and learned that it was a "Traditional Inherited IRA" as set forth on the Morgan Stanley Client Statement attached [to the stipulation] as Exhibit A.

4. Trustee filed a timely objection to Debtor's claim of exemption and Debtor filed a timely response to Trustee's objection.

5. Prior to Debtor's filing of his bankruptcy petition Debtor inherited the interest in the Traditional Inherited IRA from his mother when she passed away.

6. Debtor is 40 years old and is employed by Simms Fishing Products as a Customer Care representative. He is married and his spouse did not file bankruptcy with her husband.

7. Debtor has made no personal contributions to the Traditional Inherited IRA and he cannot invest additional money in the account.

8. Debtor is required to withdraw money from the Traditional Inherited IRA account

        no matter how far he is from retirement.

9.      Debtor may withdraw the entire balance of the account at any time and use it for any purpose without penalty.

C. This Court acknowledges that the Montana Supreme Court, acting as the receiving court, may reformulate the submitted question certified to it.

D. The names and addresses of counsel of record are as follows:

| Debtors: James J. Screnar | Joseph V. Womack - Trustee |
| 115 W. Kagy Blvd., Suite G | US Bank Suite 805 |
| Bozeman, MT 59715 | 303 N. Broadway |
| | Billings, MT 59101 |

IT IS ORDERED that pursuant to MONT. R. APP. P. 15(3) the above question of law is certified to the Montana Supreme Court with a request for an answer.

IT IS FURTHER ORDERED the Clerk of the Bankruptcy Court shall transmit a copy of this Certification Order, together with copies of the Trustee's objection to Debtor's claim of exemption (Docket No. 22), Debtor's response (Docket No. 23), the parties' stipulation and attachments (Docket No. 31), Debtor's Schedules B and C (Docket No. 2. p.3 through 10), and the parties' Memoranda (Docket Nos. 34 and 35) to the Montana Supreme Court.

                                      BY THE COURT

                                      HON. RALPH B. KIRSCHER
                                      U.S. Bankruptcy Judge
                                      United States Bankruptcy Court
                                      District of Montana