## UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF MONTANA

In re

**CHRISTOPHER COLLIN GOLZ**,

          Debtor.

Case No.  **14-61350-7**

# MEMORANDUM of DECISION

At Butte in said District this 12th day of November, 2015.

In this Chapter 7 bankruptcy, the Chapter 7 Trustee filed on February 3, 2015, an objection to Debtor's claimed exemption of $6,905.65 in a Morgan Stanley IRA Acct. #319-116461-409.  The Trustee argues in his objection that the "Traditional Inherited IRA" is not exempt under Mont. Code Ann. ("MCA") § 25-13-608(1)(e).  Debtor opposes the Trustee's objection, arguing an inherited IRA is still an IRA under 26 U.S.C. § 408 and that Montana law makes no exception for the exemption just because the IRA is inherited.  In a stipulation filed April 9, 2015, the parties agreed to submit the matter on the following facts:

a. Debtor filed his Chapter 7 Bankruptcy Petition on December 1, 2014 and Joseph V. Womack was appointed Trustee of the case.

b. Debtor's Schedule B, item no. 12 lists Personal Property of the Debtor as "MorganStanley (sic) IRA. Acct. #319-116461-409" valued at $6,905.65 ("Traditional Inherited IRA").

c. Trustee requested and received information from the Debtor regarding the IRA and learned that it was a "Traditional Inherited IRA" as set forth on the Morgan Stanley Client

1

Statement attached [to the stipulation] as Exhibit A.

      d. Trustee filed a timely objection to Debtor's claim of exemption and Debtor filed a timely response to Trustee's objection.

      e. Prior to Debtor's filing of his bankruptcy petition Debtor inherited the interest in the Traditional Inherited IRA from his mother when she passed away.

      f. Debtor is 40 years old and is employed by Simms Fishing Products as a Customer Care representative. He is married and his spouse did not file bankruptcy with her husband.

      g. Debtor has made no personal contributions to the Traditional Inherited IRA and he cannot invest additional money in the account.

      h. Debtor is required to withdraw money from the Traditional Inherited IRA account no matter how far he is from retirement.

      i. Debtor may withdraw the entire balance of the account at any time and use it for any purpose without penalty.

      Pursuant to MONT. R. APP. P. 15(3), this Court determined that the answer to the question raised by the parties may be determinative of an issue in pending litigation of the certifying court and there is no controlling appellate decision, constitutional provision, or statute of this State. Thus, pursuant to MONT. R. APP. P. 15(3), this Court certified the following question of law to the Montana Supreme Court:

> *Whether, under Montana's liberal construction of exemptions, Debtor may claim an exemption in an Inherited* IRA pursuant to § 25-13-608(1)(e), MCA.

On November 10, 2015, the Supreme Court of the State of Montana answered "no" to the above question.

2

## JURISDICTION

This Memorandum of Decision contains the court's findings of fact and conclusions of law required by Federal Rule of Civil Procedure 52(a), made applicable to this contested matter by Federal Rules of Bankruptcy Procedure 7052 and 9014(c). The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(B).

## APPLICABLE LAW and DISCUSSION

Upon the filing of a bankruptcy petition, an estate is created consisting of all legal and equitable interests of the debtor in property as of the date of the filing of the petition. § 541(a)(1). Section 522 allows a debtor to exempt certain property from his or her estate. Exemptions are to be liberally construed in favor of the debtor who claims the exemption. *Arrol v. Broach (In re Arrol)*, 170 F.3d 934, 937 (9th Cir.1999). A claim of exemption is presumed valid, and the burden is on the objecting party to prove, by a preponderance of the evidence, that an exemption is improperly claimed. *Tyner v. Nicholson (In re Nicholson)*, 435 B.R. 622, 630 (9th Cir. BAP 2010); Rule 4003(c).

Montana has opted out of the federal exemption scheme provided in § 522(d). See MCA § 31-2-106.[1] *In re Schmitz*, 16 Mont. B.R. 512, 515 (Bankr. D. Mont. 1998); *In re Mackenzie*, 16 Mont. B.R. 338, 340 (Bankr. D. Mont. 1998). Therefore, Montana debtors are required to take their exemptions under Montana law. MCA § 25-13-608(1)(e) provides that "[a] judgment

---

[1] Section 31-2-106 provides in pertinent part: "Exempt Property – bankruptcy proceeding: An individual may not exempt from the property of the estate in any bankruptcy proceeding the property specified in 11 U.S.C. § 522(d). An individual may exempt from the property of the estate in any bankruptcy proceeding: (1) that property exempt from execution of judgment as provided in . . . Title 25, chapter 13, part 6 . . . ."

3

debtor is entitled to exemption from execution of the following: . . . individual retirement accounts, as defined in 26 U.S.C. 408(a), to the extent of deductible contributions made before the suit resulting in judgment was filed and the earnings on those contributions[.]"[2]

The Supreme Court of the State of Montana has concluded that "[u]nder the plain language of § 25-13-608(1)(e), MCA, inherited IRAs are not exempt from the bankruptcy estate."  In accordance with such ruling, the Court will enter a separate order providing as follows:

IT IS ORDERED that the Chapter 7 Trustee Objection to Debtor's claimed exemption of $6,905.65 in a Morgan Stanley IRA Acct. #319-116461-409 is sustained; and Debtor's claimed exemption of $6,905.65 in Morgan Stanley IRA Acct. #319-116461-409 is denied.

BY THE COURT

HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana

---

[2]  With the enactment of BAPCPA in 2005, Congress provided that a debtor who elects or is required to take state exemptions is also entitled to exempt "retirement funds to the extent that those funds are in a fund or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code of 1986." § 522(b)(3)(C).  As a result, debtors in opt-out states like Montana are not limited to the IRA exemption provided by state law but may, independent of state law, claim the exemption under § 522(b)(3)(C), subject to any applicable dollar limitation in § 522(n).  Congress' intent was to preempt conflicting state exemption laws and "to expand the protection for tax-favored retirement plans or arrangements that may not be already protected under [ § ] 541(c)(2) pursuant to *Patterson v. Shumate*, 504 U.S. 753 (1992), or other state or Federal law." H.R. REP. NO. 109–31(I), pt.1 at 63–64 (2005), as reprinted in 2005 U.S.C.C.A.N. (Legislative History) 88, 132–33.